**Cindy O'BRYANT, Appellant,**

v.

**IDAHO DEPARTMENT OF HEALTH AND WELFARE, Respondent,**

and

**Michael Espy, Secretary, United States Department of Agriculture, Intervenor Respondent.**

Civ. Nos. 93–0020–S–HLR, 93–0057–S–HLR.

United States District Court, D. Idaho.

Dec. 23, 1993.

Angela Jensen, Idaho Legal Aid Services, Inc., Pocatello, ID, Chuck Sheroke, Idaho Legal Aid Services, Inc., Coeur d'Alene, ID, for appellant.

Larry Echohawk, Atty. Gen., State of Idaho, Brent E. Asay, Deputy Atty. Gen., Health and Welfare Div., Pocatello, ID, Edward C. Lockwood, Deputy Atty. Gen., Department of Health & Welfare, Coeur d'Alene, ID, for respondent.

Frank W. Hunger, Asst. Atty. Gen., Maurice O. Ellsworth, U.S. Atty., Marc Haws, Asst. U.S. Atty., Boise, ID, Thomas Millet, John R. Niemeyer, Federal Programs Branch, Civ. Div., U.S. Dept. of Justice, Washington, DC, for intervenor respondent.

## ORDER AFFIRMING DECISIONS AND DISMISSING ACTIONS

RYAN, Senior District Judge.

### I. FACTS AND PROCEDURE

This consolidated[1] action arises from two appeals from administrative decisions issued by Idaho's Department of Health and Welfare (IDHW) which essentially conclude that utility reimbursements (URs) received under the United States Housing Act, 42 U.S.C. § 1401, et seq., should be counted as income for purposes of calculating food stamp benefits under the Food Stamp Act, 7 U.S.C. § 2011.[2]

Appellants Cindy O'Bryant and Jennifer Jay originally filed their appeals in district courts for the State of Idaho. However, pursuant to 28 U.S.C. §§ 1331 and 1441, both appeals were properly removed to this court due to the existence of a federal question.

Because appellants are each represented by Idaho Legal Aid Services, Inc., briefing on appeal was jointly submitted on their behalf. See Ord. Estab. Briefing Schedule & Setting Hearing, filed Aug. 23, 1993. And, since Respondent IDHW and Intervenor Respondent Secretary of the United States Department of Agriculture (USDA) (hereinafter "the Secretary") both take similar positions on appeal, these parties jointly filed one response brief. Id.

On December 8, 1993, the court conducted a hearing on this appeal. Now, having fully considered the briefing and the oral arguments of counsel, based on the analysis to follow, the court finds that the administrative decisions issued by IDHW should be affirmed.

### II. ISSUES ON APPEAL

In their opening brief, appellants focus on the following issues: (1) whether the principles of res judicata and collateral estoppel precluded IDHW's hearing officer from finding that URs should be counted as income for purposes of the Food Stamp Act based on a decision issued by the Sixth District Court of the State of Idaho which reached an opposite conclusion; (2) whether URs should be excluded from income for purposes of determining food stamp eligibility under 7 U.S.C. § 2014(d)(1), –(d)(5), and/or –(d)(11)(A); and (3) whether the Secretary's policy of counting URs as income violates the Administrative Procedure Act and/or the Food Stamp Act and/or denies appellants due process and equal protection under the law.[3]

On the other hand, respondents' brief contends that the "sole issue [on appeal] ... is whether the Secretary of the [USDA] has made a permissible interpretation of a statute he is charged with administering, the Food Stamp Act, 7 U.S.C. §§ 2201 et seq."

---

1. See Order of Consolidation, Allowing Intervention and Setting Scheduling Conference, filed August 2, 1993.

2. See Pet. for Removal to Fed.Ct., filed Jan. 14, 1993, Ex. B (Findings of Fact, Conclusions of Law & Decision, dated Nov. 9, 1992); and Jay v. Idaho Department of Health & Welfare, CV No. 93–0057–S–HLR (consolidated with CV No. 93–0020–S–HLR), Pet. for Removal to Fed.Ct., filed

Mar. 1, 1993, Ex. A (Findings of Fact, Conclusions of Law & Decision, dated Oct. 29, 1992).

3. At the time of the hearing, and at the court's request, issues of collateral estoppel and res judicata were not argued by either side. Appellants' oral argument focused almost exclusively on whether URs should be excluded from income pursuant to 7 U.S.C. § 2014(d)(11)(A).

Defs.' Resp. to Pls.' Br.[4] [hereinafter Response], filed Nov. 8, 1993, at 1 (emphasis added).

## III. ANALYSIS

As noted by respondents, the threshold issue on appeal is whether or not the Secretary has made a "permissible interpretation" of the Food Stamp Act. Before arriving at a decision on this fundamental issue, however, the court finds it necessary and appropriate to address the ancillary issues raised by appellants. In doing so, the court will briefly address the relevant federal programs, and will then turn to the specific arguments made by the parties.

### A. Basic Background on the Federal Programs at Issue

Appellants acknowledge that this appeal "turns on the interaction of the food stamp program, a cooperative federal-state program administered by the USDA, and the federal housing programs administered by HUD." Appellants' Br., filed Oct. 15, 1993, at 2. Accordingly, each of these federal programs shall briefly be discussed.

### 1. The Food Stamp Program

Congress established the Food Stamp Act in 1964 with the goal of alleviating hunger and malnutrition among low-income families by increasing the food purchasing power of eligible households. See 7 U.S.C. § 2011.

At the federal level, the Food Stamp Program is administered by the Food and Nutrition Service (FNS) of the USDA which promulgates regulations and sets federal policy to govern the food stamp program. State agencies are responsible for certifying the eligibility of households that apply for food stamp assistance and for determining the appropriate amount of assistance for eligible households according to the Food Stamp Act and FNS policy. See 7 U.S.C. § 2020(a), – (e)(5). In fulfilling this role, state agencies must determine household resources and in-comes. The Food Stamp Act defines "income" as "all income from whatever source." 7 U.S.C. § 2014(d).

The Food Stamp Act states 16 exclusions and a number of deductions to be considered when computing household income. 7 U.S.C. § 2014(d) and (e). The lower the household income, the greater the benefits awarded under the program. This appeal focuses on the Secretary's interpretation of various exclusions.

### 2. The United States Housing Act

Under the United States Housing Act of 1937, 42 U.S.C. § 1401, et seq., as amended, HUD operates and funds various housing programs for low income families to remedy "the unsafe and unsanitary housing conditions and the acute shortage of decent, safe, and sanitary dwellings for families of lower income...." 42 U.S.C.S. § 1437 (Law.Co-op.1990 & Supp.1993).

The Brooke Amendment to the Housing Act, 42 U.S.C. § 1437a(a)(1), sets the rent for tenants of public housing at approximately 30 percent of the household's monthly adjusted income. Rent covers all housing costs, including utilities. 42 U.S.C. § 1437f(c)(1). With respect to defraying the cost of utilities,[5] recipients of HUD housing subsidies receive a "utility allowance." The amount of a utilities allowance is not based upon the specific needs of an individual household. Instead, it is calculated according to the region and costs of energy.

Where, as here, the amount of rent appellants pay from their own sources is less than their utility allowances, they are issued checks known as "utility reimbursements" (URs). 24 C.F.R. § 813.102. There is no requirement that URs be spent for utilities. *Estey v. Commissioner, Maine Dept. of Human Services*, 814 F.Supp. 152, 155 (D.Me. 1993) (*citing Mitchell v. Block*, Civ. No. 82–3297–3, slip op. at 6–7 (D.S.C. June 22, 1983)). And, appellants do not dispute that

---

4. Since this action constitutes an appeal, the use of the terms plaintiffs and defendants is inappropriate.

5. HUD defines "utilities" as "electricity, gas, heating fuel, water and sewerage services, and trash and garbage collection." 24 C.F.R. § 965.-472 (1993).

the money they received in the form of URs could be used as they saw fit.

### 3. The Classification of URs as Income

The provisions of the Food Stamp Act and the Housing Act interact when URs are issued. Because the calculation of food stamp benefits is based on relative levels of household income, the lower the income level, the more food stamps the household is entitled to receive and vice versa.

The Secretary is responsible for establishing national standards for the administration of the Food Stamp Program and has established the policy that URs should be counted as income under the Food Stamp Act, 7 U.S.C. § 2011, et seq.

Because URs are included as income by the USDA and the IDHW, appellants' food stamp allotments each month are less than they would be if the URs were not included as income. By way of this appeal, appellants challenge the Secretary's policy which treats URs as income and request this court to order that USDA and IDHW "exclude all future UR checks which Appellants receive from their income in calculating their future food stamp benefits." Appellants' Reply Br., filed Nov. 19, 1993, at 13.

### B. Arguments on Appeal

1. Re: Whether an Idaho state district court decision should be binding on the administration of the foregoing federal programs.

Appellants' essential contention seems to be that, at least in Idaho, principles of res judicata and collateral estoppel preclude IDHW and USDA from treating URs as income when calculating food stamp benefits.

In support of this position, appellants rely on Davis v. Donovan, Case No. 40799–C (Idaho Dist.Ct., Mem. Decision & Ord., Feb. 8, 1990),[6] which was affirmed by the Idaho Supreme Court in an unpublished decision filed on July 10, 1993. See Appellants' Br., filed Oct. 15, 1993, attach. 1991 Unpublished Opinion No. 601.

Because the court finds that the Sixth District Court of Idaho lacked jurisdiction to consider the issue on appeal in Davis v. Donovan, the decision of the state court cannot be binding on IDHW or USDA. This court is not aware of any authority granting state courts jurisdiction over the kind of administrative actions at issue in this appeal, particularly where, as here, such actions arise under such comprehensive federal statutes as the Food Stamp Act or the United States Housing Act. Cf. Larue v. Swoap, 51 Cal.App.3d 543, 124 Cal.Rptr. 329 (Cal. App.3d Dist., 1975) (federal forum is the most appropriate place to seek a remedy under the food stamp program administered by the USDA).[7]

Indeed, in the absence of any provision granting state courts such jurisdiction, pursuant to 28 U.S.C. § 1331, it is axiomatic that "[federal] district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.S. § 1331 (Law. Co-op.1986). These consolidated actions on appeal arise under laws of the United States and involve the application and interpretation of federal statutes and regulations.

Accordingly, because the state district court lacked jurisdiction, the decision reached in Davis v. Donovan is neither controlling in this action nor binding on IDHW

6. Pursuant to Idaho's Administrative Procedure Act and, specifically, Idaho Code §§ 67–5215(g) and 67–5216, the Idaho District Court entertained an appeal from an IDHW decision and specifically considered whether "utility reimbursements provided under the United States Housing Act [are] considered income under the Food Stamp Act?" See Appellants' Brief, filed Oct. 15, 1993, attach. Davis v. Donovan, Case No. 40799–C (Mem.Decision & Ord., dated Feb. 8, 1990, at 4). Ultimately, the state district court concluded that "utility reimbursements paid to the recipient shall not be used in computation of food stamp benefits." Id. at 15.

7. Moreover, appellants cite no authority which establishes that a state district court decision, affirmed in an unpublished decision of a state supreme court, is binding on a state department of health and welfare and/or USDA in terms of the administration of either the Food Stamp Act or the Housing Act.

**996**

or USDA.[8]

2. *Re: Whether the Secretary's policy of treating URs as income for purposes of determining food stamp eligibility under 7 U.S.C. §§ 2014(d)(1), -(d)(5) and -(d)(11)(A), is permissible.*

Appellants ask this court to look at the plain language of the statutes involved, together with the legislative history related thereto, and to conclude that URs should be excluded from income for purposes of determining food stamp eligibility.

In *Chevron, U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), the Supreme Court set forth a two-step approach for reviewing an administrative agency's construction of a statute. *Chevron* states:

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, *the question for the court is whether the agency's answer is based on a permissible construction of the statute.*

*Id.* at 842–843 (footnotes omitted) (emphasis added).

With this approach in mind, the court will turn to the statutory provisions relied upon for purposes of this appeal.

(a) *Title 7 U.S.C. § 2014(d)(1).*

▮ To the extent appellants argue that URs should be excluded from income based on 7 U.S.C. § 2014(d)(1), the court finds that the plain wording of the statute defeats appellants argument. In terms of calculating income, Section 2014(d)(1) excludes benefits that are "not in the form of money payable directly to a household." 7 U.S.C.S. § 2014(d)(1) (Law.Co-op.1985 & Supp.1993). The URs at issue in this appeal were paid directly to appellants' households.

Accordingly, by the express language of the statute, for purposes of the Food Stamp Program, Section 2014(d)(1) does not exclude URs issued to these appellants from their income. Therefore, the Secretary's interpretation of this exclusion must be upheld. *See Baum v. Madigan,* 979 F.2d 438 (6th Cir. 1992) (URs not excludable from income for purposes of calculating food stamp benefits based on the plain language of 7 U.S.C. § 2014(d)(1)).

(b) *Title 7 U.S.C. § 2014(d)(5).*

Next, appellants contend that the URs issued to them should be excluded from income based on 7 U.S.C. § 2014(d)(5) which applies to "reimbursements which do not exceed expenses actually incurred and which do not represent a gain or benefit to the household. . . ." 7 U.S.C.S. § 2014(d)(5) (Law.Co-op.1985 & Supp.1993).

Contrary to the plain language of the statute, URs *do* "represent a gain or benefit to the household" because, as conceded by appellants, the URs may be used as appellants see fit and not necessarily for the payment of utilities. Moreover, respondents maintain that "[t]he implementing regulations, 7 C.F.R. § 273.9(c)(5), and the legislative history make clear that this exclusion was not meant to apply to normal living expenses such as utility bills." Response, filed Nov. 8, 1993, at 28 n. 15.

---

8. Based on this finding, the court will not delve into a discussion of the principles of collateral estoppel and res judicata. Nevertheless, as pointed out in respondents' brief, it is noteworthy that the USDA merely appeared as an amicus curiae and was *not* a named party in *Davis v. Donovan.* Thus, even if the state district court had properly exercised jurisdiction, it cannot be said that the Secretary of the USDA had a full and fair opportunity to litigate the issues presented by this appeal. Hence, collateral estoppel and res judicata would not bar the Intervenor Respondent Secretary from making the arguments advanced in this appeal.

Examples of excludable reimbursements which are *not* to be considered a gain or benefit to the household are set forth in 7 C.F.R. § 273.9(c)(5)(i). URs were not included among such examples.

Based on the plain language of the statute, the relevant implementing regulations and the legislative history related thereto, this court finds that the Secretary's interpretation of the reimbursement exclusion, 7 U.S.C. § 2014(d)(5), appears permissible, and therefore, must be upheld.[9]

### (c) *7 U.S.C. § 2014(d)(11).*

Under the Food Stamp Act, Section 2014(d)(11) excludes from income "any payments or allowances made *for the purpose of providing energy assistance* (A) under any Federal law...." 7 U.S.C.S. § 2014(d)(11)(A) (Law.Co-op.1985 & Supp. 1993) (emphasis added). Appellants' principal contention[10] on appeal is that, although URs are a housing subsidy, because URs are calculated with regional energy costs in mind, they constitute "payments or allowances for the purpose of providing energy assistance" and should, therefore, be excluded from income for purposes of calculating food stamp benefits.

Since appellants acknowledge that the funds from URs can be used for any purpose appellants choose, based on the plain language of Section 2014(d)(11), it is difficult to conclude that URs are made "for the purpose of providing energy assistance." Moreover, as noted in *Larry v. Yamauchi*, 753 F.Supp. 784 (E.D.Ark.1990), there is no law or regulation which requires recipients of URs to use them for energy related purposes. *Id.* at 801.

The legislative history associated with Section 2014(d)(11) convinces this court that the

Secretary's policy of treating URs as income is permissible.[11] Moreover, this court finds that Congressional inaction on this issue lends further support to respondents' position that the Secretary has made a permissible interpretation of the statute he is charged with administering. In *Estey v. Commissioner, Maine Dept. of Human Services*, 814 F.Supp. 152 (D.Me.1993), the district court observed that:

> In 1988, as in 1981, Congress did not criticize or review the Secretary's decision not to apply the energy assistance exclusion to HUD and FmHA utility reimbursements. The lack of Congressional action against the Secretary's interpretation of the income exclusion is significant. "Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change." *Lorillard, Div. of Loew's Theatres, Inc. v. Pons*, 434 U.S. 575, 580 [98 S.Ct. 866, 870, 55 L.Ed.2d 40] ... (1978). Referring to an agency's longstanding statutory interpretation, the Supreme Court held in *N.L.R.B. v. Bell Aerospace Co.* [416 U.S. 267, 94 S.Ct. 1757, 40 L.Ed.2d 134] [ (1974) ] that "congressional failure to revise or repeal the agency's interpretation is persuasive evidence that the interpretation is the one intended by Congress." 416 U.S. 267, 274–75 [94 S.Ct. 1757, 1761–62, 40 L.Ed.2d 134] ... (1974), *overruled on other grounds, N.L.R.B. v. Hendricks Cty. Rural Electric Corp.*, 454 U.S. 170 [102 S.Ct. 216, 70 L.Ed.2d 323] ... (1981).

*Id.*, 814 F.Supp. at 158.

And, the *Estey* court concluded that:

> After reviewing § 2014(d)(11)(A)'s legislative history, and granting the appropri-

---

**9.** In unpublished decisions, which accompanied respondents' brief, at least three United States district courts have upheld the Secretary's interpretation of Section 2014(d)(5) as being reasonable and thus entitled to considerable deference. *Gore v. Espy*, 1993 WL 435566 (S.D.W.Va.1993); *Scott v. Grunow*, No. 1:90–0188, slip op. at 10–12, 1993 WL 15144 (M.D.Tenn. May 20, 1992); *Garcia v. Madigan*, No. H–91–1992, slip op. at 3–4 (E.D.Tex. Nov. 29, 1991). This court is aware

of no authority which supports a conclusion to the contrary.

**10.** As demonstrated in appellants' reply brief and at the time of oral argument.

**11.** At this juncture, the court shall incorporate by reference a thorough analysis of the legislative history of Section 2014(d)(11) which is set forth in *Larry v. Yamauchi*, 753 F.Supp. 784, 793–799 (E.D.Ark.1990).

ate deference to the agency's interpretation, this Court concludes that HUD and FmHA utility reimbursements do not fall within the ambit of the 'energy assistance' exclusion to the Food Stamp Act.. The energy assistance exclusion was created to offset surging energy prices. HUD and FmHA utility reimbursements do not fall closely enough within the ambit of energy assistance to qualify for the exclusion. Utility reimbursements are akin to general welfare payments, adjusted on a yearly level to keep up with more broad-based inflationary pressures. As routine payments, they are not excludable from income for food stamp purposes.

*Id.*

Based on the foregoing, this court finds that the policy of not treating URs as "energy assistance" is based on a permissible interpretation of Section 2014(d)(11), and therefore, the Secretary's policy is entitled to deference.

3. *The Secretary's policy in light of the Administrative Procedure Act, the Food Stamp Act and the Equal Protection Clause.*

(a) *Re: The Food Stamp Act and the APA.*

Appellants contend that the Secretary's policy of counting URs as income without issuing rules violates the Food Stamp Act and the Administrative Procedure Act (APA), 5 U.S.C. § 553. As noted by appellants, the Food Stamp Act requires the Secretary to "establish uniform national standards of eligibility ... for participation by households in the food stamp program...." 7 U.S.C.S. § 2014(b) (Law.Co-op.1985). These standards must be promulgated in accordance with the APA. 7 U.S.C. § 2013(c).

Ultimately, appellants contend that, "[w]ithout a rulemaking record, including public comment on counting UR's [as income] and USDA's responses, USDA's actions should be rejected as arbitrary and capricious." Appellants' Br., filed Oct. 15, 1993, at 23 (*citing* 5 U.S.C. § 706(2)(A)); *Small Refiner Lead Phase–Down Task Force v. United States Envtl. Protection Admin.*, 705 F.2d 506, 520 (D.C.Cir.1983).

■ In administering the Food Stamp Act, the Secretary's regulations which pertain to calculating income in determining food stamp benefits, like the statutory language of Section 2014(d), define income by a rule of exclusion. And, as noted by other courts, "nothing in the APA 'requires the Secretary to engage in the virtually impossible task of listing every type of benefit which is *not* excluded from income.'" *Larry v. Yamauchi*, 753 F.Supp. at 803 (*quoting Mitchell v. Block*, No. 82–3297–3, slip. op. at 29 n. 23 (D.S.C. June 22, 1983)) (*citing United States v. Rutherford*, 442 U.S. 544, 553–54, 99 S.Ct. 2470, 2476–77, 61 L.Ed.2d 68 (1979) (emphasis added).

Thus, despite appellants' arguments to the contrary, this court is unable to conclude that either the APA or the Food Stamp Act requires the Secretary to publish his interpretation of what payments or allowances are "made for the purpose of providing energy assistance (A) under any Federal law...." 7 U.S.C.S. § 2014(d)(11)(A) (Law.Co-op.1985 & Supp.1983). *Accord Larry v. Yamauchi*, 753 F.Supp. at 803.

(b) *Re: The Equal Protection Clause.*

Appellants contend that the Secretary's policy of counting URs as income, while excluding other utility assistance provided to tenants of public housing, is arbitrary, irrational and results in a denial of due process and equal protection. In particular, in their reply brief appellants maintain that URs are predominantly for energy assistance, and therefore, the Secretary's policy arbitrarily applies the Section 2014(d)(11) exclusion to benefits under the Low Income Home Energy Assistance Program (LIHEAP)—but does not apply the exclusion to URs.

■ The Equal Protection Clause essentially directs that "all persons *similarly situated* should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985) (emphasis added). In the area of social and economic welfare, a classification does not violate equal protection if it

has a "reasonable basis." *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161–62, 25 L.Ed.2d 491 (1970). *Accord Lyng v. International Union*, 485 U.S. 360, 108 S.Ct. 1184, 99 L.Ed.2d 380 (1988) (applying the reasonable basis test to classifications made under the Food Stamp Act).

As noted in *Larry v. Yamauchi*, 753 F.Supp. at 799–802, recipients of URs and recipients of other utility assistance provided to tenants by public housing authorities are not similarly situated for purposes of equal protection analysis. "The one variable is household income." *Id.* at 800. Although benefits inevitably vary from household to household under both the national housing program and the Food Stamp Act, such variances do not give rise to constitutional violations. As the Supreme Court declared:

> In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality."

*Dandridge v. Williams*, 397 U.S. at 485, 90 S.Ct. at 1161 (*quoting Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911)).

Thus, in rejecting appellants' constitutional challenges, this court does not conclude that "the [Secretary's policy] is wise, that it best fulfills the relevant social and economic objectives ... or that a more just and humane system could not be devised." *Dandridge v. Williams*, 397 U.S. at 487, 90 S.Ct. at 1162. However, "the Constitution does not empower this court to second-guess [the Secretary of the USDA] charged with the difficult responsibility of allocating limited public welfare funds among the myriad of potential recipients." *Id.* "For better or for worse, 'the intractable economic, social and even philosophical problems presented by public welfare assistance are not the business of [the courts]." *Larry v. Yamauchi*, 753 F.Supp. at 802 (*quoting Dandridge v. Williams*, 397 U.S. at 487, 90 S.Ct. at 1163).

Finally, appellants' arguments related to LIHEAP benefits will be addressed. Respondents maintain that URs are a "small component of an overall housing subsidy" and are not akin to energy assistance available under LIHEAP. Respts' Br., filed Nov. 8, 1993, at 16. Respondents note that:

> Congress enacted [the Low Income Home Energy Assistance Act (LIHEAA)], 42 U.S.C. § 8621 *et seq.*, in 1981 to replace the Home Energy Assistance Act, 42 U.S.C. §§ 8601 to 8612 (Supp. IV 1976), *repealed* Pub.L. No. 97–35, 95 Stat. 902 (1981). Congress specifically identified the Home Energy Assistance Act, and thus LIHEAA as its immediate successor, as the type of benefit program that could fall within (d)(11)'s scope. H.R.Rep. No. 788 at 122, 1980 U.S.C.C.A.N. at 955.
>
> Furthermore, benefits under LIHEAA are made solely to assist low-income households in meeting their energy-related needs. Unlike utility reimbursements, they have no other animating purpose. Accordingly, because LIHEAA benefits are "made for the purpose of" providing "energy assistance, the Secretary has indicated that LIHEAA payments would fall within (d)(11)'s reach.

*Id.,* at 26 n. 14.

In reply, appellants raise Section 927 of the Housing and Community Development Act of 1992, Pub.L. No. 102–550, 106 Stat. 3672, to support their position that URs are equivalent to LIHEAP benefits and should, therefore, be excluded from income. This court cannot agree.

On the contrary, despite the amount of litigation that has taken place on this issue, this court finds it significant that nowhere within Section 927 did Congress indicate that LIHEAP benefits should be equated with URs. Nor is there *any* indication that Congress intended such legislation to affect the treatment of URs under the Food Stamp Act. Thus, it does not seem appropriate to conclude that Congress intended Section 927 to clarify existing policy and law related to

the "energy assistance" exclusion set forth in Section 2014(d)(11) of the Food Stamp Act.[12]

In summary, this court does not find that the Secretary's policy of counting URs as income, while excluding other utility assistance provided to tenants of public housing, including LIHEAP benefits, is arbitrary, irrational or results in a denial of due process and equal protection.

### C. *Conclusion*

In recent years, the various issues raised by this appeal have been addressed by several federal district courts and circuit courts of appeal throughout the country.[13] To date, however, this court is not aware of a similar case pending in any federal court of the Ninth Circuit. Unlike this case which is framed as an administrative appeal, most, if not all, of the other cases raising such issues were filed as civil complaints and followed by summary judgment motions. Nonetheless, the dispositive issue in each instance remains the same: Is it permissible for the Secretary of Agriculture to continue to treat URs as income when it comes to calculating food stamp benefits?

As acknowledged by more than one court, the Secretary's policy regarding URs may not be the most reasonable policy or the best policy, but, especially in the context of social welfare administration, courts should not set the precedent of rewriting legislation.

"[I]t is not sufficient that appellants show that there are other reasonable ways to construe the statute[s]; rather, they must demonstrate that the Secretary's interpretation is 'plainly erroneous or inconsistent with the regulation.'" *New York v. Lyng*, 829 F.2d 346, 350 (2d Cir.1987) (quoting *United States v. Larionoff*, 431 U.S. 864, 872 [97 S.Ct. 2150, 2155, 53 L.Ed.2d 48] ... (1977)). "Deference is especially 'appropriate' when a statute such as the Food Stamp Act 'has produced a complex and highly technical regulatory program' requiring numerous 'policy determinations' within the expertise of the agency." *Maryland Dept. of Human Resources v. United States Dept. of Agriculture*, 976 F.2d 1462, 1470 (4th Cir.1992) (quoting *Pauley v. BethEnergy Mines, Inc.*, — U.S. —, 111 S.Ct. 2524, 115 L.Ed.2d 604 (1991)).

*Estey v. Commissioner, Maine Dept. of Human. Serv.*, 814 F.Supp. at 158.

With the number of cases raising similar issues, and the inevitable appeals flowing therefrom, Congress may be prompted to clarify the exclusions set forth in 7 U.S.C.

---

**12.** *See Gore v. Espy*, Nos. 2:91–0139 and 2:91–0826, slip op. at 18–19, 1993 WL 435566 (S.D.W.Va. Mar. 31, 1993) (the Housing and Community Development Act of 1992 does not require that URs be excluded from income under the Food Stamp Act in the same manner that LIHEAP payments are excluded). *But see South Dakota Dept. of Social Serv. v. Madigan*, 824 F.Supp. 1469 (D.S.D.1993) (Housing and Community Development Act of 1992 requires that URs be treated the same as LIHEAP benefits under 2014(d)(11)).

**13.** This court is aware of at least 13 other federal court decisions which address the Secretary's policy of including URs as income under the Food Stamp Act.

The following courts concluded that the Secretary's policy of including URs as income is permissible and entitled to deference: *Baum v. Madigan*, 979 F.2d 438 (6th Cir.1992) (holding limited to finding that URs not excludable from income based on plain language of 7 U.S.C. § 2014(d)(1)) (*reversing Baum v. Yeutter*, 750 F.Supp. 845 (N.D.Ohio 1990)); *Estey v. Commissioner, Maine Dept. of Human Services*, 814

F.Supp. 152 (D.Me.1993); *Larry v. Yamauchi*, 753 F.Supp. 784 (E.D.Ark.1990). Unpublished decisions reaching the same conclusion include *Schuler v. North Dakota Dept. of Human Serv.*, No. A1–93–010 (S.W.D.N.D. May 18, 1993) (adopting the reasoning of *Larry v. Yamauchi* and holding that it is proper for USDA to include URs as income when determining food stamp eligibility); *Gore v. Espy*, Nos. 2:91–0139 and 2:91–0826, slip op. at 18–19, 1993 WL 435566 (S.D.W.Va. Mar. 31, 1993) *Susan v. Scales*, No. S91–65M (N.D.Ind. May 18, 1992); *Scott v. Grunow*, No. 1:90–0188 (M.D.Tenn. May 20, 1992); *Garcia v. Madigan*, No. H–91–1992 (S.D.Tex. Nov. 29, 1991), and *Mitchell v. Block*, No. 82–3297–3 (D.S.C. June 22, 1983).

Courts reaching a contrary conclusion include: *South Dakota Dept. of Social Serv. v. Madigan*, 824 F.Supp. 1469 (D.S.D.1993) (Housing and Community Development Act of 1992 requires that URs be treated the same as LIHEAP benefits under 2014(d)(11)); *West v. Bowen*, No. 84–3883, slip op., 1987 WL 28346 (E.D.Pa. Dec. 17, 1987), *aff'd in part and rev'd in part*, 879 F.2d 1122 (3d Cir.1989) (URs fall within the energy assistance exclusion set forth in 7 U.S.C. § 2014(d)(11)).

§§ 2014(d)(1), –(d)(5) and –(d)(11). Short of that happening, however, there does not appear to be any basis for ordering the Secretary to change the policy of directing state agencies, such as IDHW, to include URs as income for purposes of calculating food stamp benefits.

On the contrary, having carefully considered the arguments made on appeal, together with the legislative history of the relevant statutes, and the reasoning contained in court decisions submitted by both sides, the court finds: (1) that the Secretary's interpretations of 7 U.S.C. § 2014(d)(1), –(d)(5) and –(d)(11) are permissible and are, therefore, entitled to deference; and (2) that the Secretary's policy of treating URs as income for purposes of allocating food stamps does not violate the Food Stamp Act, the Administrative Procedure Act, or the Equal Protection Clause. Therefore, the administrative decisions issued by IDHW shall be affirmed.

### IV. ORDER

Based on the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that the administrative decisions issued by the IDHW in the matter of Cindy O'Bryant dated November 9, 1992, and in the matter of Jennifer Kaiyou Jay dated October 29, 1992, should be, and are hereby, AFFIRMED.

IT IS FURTHER ORDERED that these consolidated actions on appeal should be, and are hereby, DISMISSED.